UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JESUS NAVARRO,

         Plaintiff,

v.

NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,

         Defendant.

Case No. ED CV 16-2386 JCG

**MEMORANDUM OPINION AND ORDER**

Jesus Navarro ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Two issues are presented for decision here:

1. Whether the Administrative Law Judge ("ALJ") properly assessed Plaintiff's credibility (*see* Joint Stipulation ("Joint Stip.") at 3-7); and

2. Whether the ALJ properly determined that Plaintiff could perform his past relevant work (*see id.* at 3, 12-16).

The Court addresses Plaintiff's contentions below, and finds that reversal is not

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d); [Dkt. No. 15 at 1 n.1.]

warranted.

A. The ALJ Properly Assessed Plaintiff's Credibility

Plaintiff contends that the ALJ improperly assessed his credibility. (*See* Joint Stip. at 3-7.)

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

Here, the ALJ provided at least eight valid reasons for finding Plaintiff "not entirely credible."[2] (Administrative Record ("AR") at 20.)

First, Plaintiff stopped working because he was laid off, a reason unrelated to his alleged disability. (AR at 19, 33-34); *see Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (allegation of disabling pain discounted because claimant "was laid off, rather than . . . injured").

Second, after Plaintiff was laid off, he applied for work. (AR at 19, 34, 66); *Lenhart v. Astrue*, 252 F. App'x 787, 789 (9th Cir. 2007) (ALJ reasonably determined claimant exaggerated symptoms in part because he applied for a job and collected unemployment benefits); *Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988) (ALJ properly discredited claimant's testimony in part because he held himself out as available for work).

Third, Plaintiff was inconsistent about his ability to speak English.[3] (AR at 19-20, 35-36, 225); *see Mohammad v. Colvin*, 595 F. App'x 696, 697 (9th Cir. 2014)

---

[2] The ALJ partially credited Plaintiff's subjective complaints, specifically giving him "the benefit of the doubt" and assessing greater limitations than an examining physician who opined he could perform medium work. (AR at 22, 370.)

[3] Counsel acknowledged this inconsistency during the hearing, and reminded Plaintiff that they had discussed the issue before the hearing. (AR at 35.)

2

(ALJ's determination that claimant was not "forthright" about her language abilities supported credibility determination); *Le v. Astrue*, 318 F. App'x 552, 555 (9th Cir. 2009) (upholding ALJ's credibility finding where, among other reasons, "the ALJ noted contradictory statements regarding [claimant]'s literacy and ability to communicate in English").

Fourth, Plaintiff's condition was relatively controlled with medication. (AR at 20-21, 347, 351, 353, 355, 384 (Plaintiff reports that he uses Vicodin "very rarely"), 396-97, 399-402); *Lindquist v. Colvin*, 588 F. App'x 544, 547 (9th Cir. 2014) (ALJ properly discounted claimant's testimony in part because symptoms were controlled by medication); *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled are not disabling).

Fifth, Plaintiff received essentially conservative treatment, such as physical therapy, moist heat, weight reduction education, home exercises, and medication. (AR at 19- 22, 291-93, 347, 353-55, 357-58 (orthopedic surgeon explains "conservative management" treatment options with Plaintiff), 367); *see Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (ALJ properly rejected claimant's subjective complaints where medical records showed that she responded favorably to conservative treatment of physical therapy and medication).

Sixth, Plaintiff had significant gaps in treatment, including multiple gaps of around six months, and at least one gap approaching a year.[4] (AR at 20, 336-37, 347-48, 393-415, 395); *see Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (ALJ properly considered treatment gap in assessing claimant's credibility); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ properly relied on three- to four-month treatment gap in partially discrediting claimant's testimony).

Seventh, Plaintiff used a cane that was not medically necessary, and evaluations showed he could ambulate independently without an assistive device. (AR at 21, 348,

---

[4] Notably, Plaintiff did not see an orthopedic doctor until three years after the alleged onset date. (AR at 21.)

3

352, 359-60, 362-63, 367-70); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (ALJ properly discredited subjective testimony because claimant "used a cane at the hearing, although none of his doctors had ever indicated that he used or needed to use an assistive device in order to walk"); *Dominguez v. Colvin*, 2016 WL 4467881, at *2 (C.D. Cal. Aug. 23, 2016) (use of cane that was not medically necessary at examination was evidence of malingering).

Eighth, no doctor found that Plaintiff's obesity or other impairments precluded all work activity, and Plaintiff's physicians placed him on "[r]egular duty" work status. (AR at 22, 72, 81, 92, 101, 348-49, 357-58, 360); *see Willens v. Berryhill*, ___ F. App'x ___, 2017 WL 4217452, at *1 (9th Cir. Sept. 22, 2017) (ALJ properly rejected claimant's credibility in part because "no physician made an assessment that [claimant] was disabled").

Thus, the ALJ properly assessed Plaintiff's credibility.[5]

### B. Any Error in Determining Whether Plaintiff Could Perform Past Relevant Work Was Harmless

Plaintiff contends that the ALJ erroneously determined at step four of the evaluation that he could perform past relevant work.[6] He contends that the finding is contradicted by the vocational expert ("VE")'s testimony, and descriptions of how the occupations were performed by Plaintiff and as they are normally performed according to the Dictionary of Occupational Titles ("DOT"). (Joint Stip. at 3, 12-16.)

---

[5] Plaintiff contends that, in outlining these reasons for discounting his credibility, the ALJ failed to address his complaint that he has to lay down to alleviate pain. (Joint Stip. at 4.) However, there is no requirement that the ALJ address every aspect of testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (an ALJ may consider "ordinary techniques of credibility evaluation," including testimony that "appears less than candid"); *Williams v. Astrue*, 2012 WL 1145090, at *12 (W.D. Wash. Mar. 14, 2012) ("[Claimant] argues the ALJ failed to state specific reasons for rejecting other aspects of her testimony, but there is no requirement that the ALJ address every aspect of such testimony in order to find her not fully credible overall regarding her complaints.").

[6] The ALJ determined that Plaintiff could perform his past work as an "assembly line machine tender, hand packager, expanding machine operator, forklift, maintenance machine helper, marker, II, store laborer, and cleaner." (AR at 22.)

"At step four, claimants have the burden of showing that they can no longer perform their past relevant work." *See Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). Claimants also have the burden of establishing that any error resulted in actual harm. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054-55 (9th Cir. 2012). An "ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quotation marks and citations omitted)).

Plaintiff admits that the VE testified that he could perform the composite occupation of machine operator producing plastic bags as actually performed by him. (Joint Stip. at 14-15.) The ALJ was entitled to rely on that testimony, and it was substantial evidence supporting the ALJ's decision that Plaintiff could perform past relevant work. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (ALJ properly relied on VE's testimony because "VE's recognized expertise provides the necessary foundation for his or her testimony"); *Moore v. Apfel*, 216 F.3d 864, 869-70 (9th Cir. 2000); *Nicholas v. Colvin*, 2013 WL 5310848, at *10 (C.D. Cal. Sept. 20, 2013) ("Once the VE testified that the . . . job could be performed at the light level, the ALJ was entitled to rely on that testimony, and it alone was substantial evidence supporting the ALJ's decision that Plaintiff could perform his past relevant work."). Accordingly, any error in the ALJ's reliance on Plaintiff's other past relevant work, or conflict with those positions and the DOT or other sources, was harmless.[7]

---

[7] Plaintiff contends that the record was insufficient to determine how he actually performed the composite machine operator position. (Joint Stip. at 15.) The VE questioned Plaintiff about his job, and Plaintiff indicated in a work history report that the heaviest he lifted while performing the job was less than 10 pounds. (AR at 53, 55-56, 58, 236.) This was sufficient to support the ALJ's determination. *See Hume v. Berryhill*, 2017 WL 3978392, at *12 (D. Or. Sept. 11, 2017) (ALJ was entitled to rely on claimant's and VE's hearing testimony in determining whether claimant could perform past work as actually performed); *Wolcott v. Colvin*, 2016 WL 3549603, at *6 (E.D. Cal. June 30, 2016) (claimant's own statements about her past work provided substantial support for VE's testimony and ALJ's determination that claimant could perform such work as she actually had performed it).

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: November 28, 2017

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*